UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HARTFORD ACCIDENT AND INDEMNITY COMPANY and FIRST STATE INSURANCE COMPANY, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 1:11-cv-00075-JAW ) |
| IRVING OIL CORPORATION, FIREMAN'S FUND INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, and ARROWOOD INDEMNITY COMPANY, formerly known as ROYAL INDEMNITY COMPANY, successor in interest to ROYAL INSURANCE COMPANY and ROYAL GLOBE INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendant. | ) |

**ORDER ON MOTION FOR VOLUNTARY DISMISSAL**

Over the Defendants' objection, the Court grants the Plaintiffs' Rule 41(a)(2) motion to voluntarily dismiss without prejudice the pending complaint.

## I. STATEMENT OF FACTS

On March 1, 2011, Hartford Accident and Indemnity Company and First State Insurance Company (Plaintiffs) filed a complaint for declaratory judgment in this Court against Irving Oil Corporation, Fireman's Fund Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA, and Arrowood Indemnity Company (Defendants). *Compl. for Decl. J.* (Docket # 1). On April 6, 2011, the Plaintiffs moved for a voluntary dismissal under Federal Rule of Civil

Procedure 41(a)(2) on the ground that after filing the complaint, the Plaintiffs learned that Lexington Insurance Company (Lexington) had issued an insurance policy to Irving Oil Corporation. *Mot. for Voluntary Dismissal* (Docket # 34). Realizing that Lexington should have been included as a Defendant in the original Complaint and that the inclusion of Lexington would destroy the Court's diversity jurisdiction, the Plaintiffs moved to voluntarily dismiss their Complaint and requested that the Court deny all pending motions as moot. *Id*. at 1-2. On April 27, 2011, Highlands Fuel Delivery, LLC (Highlands), the corporate successor to Irving Oil Corporation, objected to the voluntary dismissal.[1] *Resp. of Def. Highlands Fuel Delivery, LLC (Formerly Known as Irving Oil Corp.), to Pls.' Mot. for Voluntary Dismissal* (Docket # 43) (*Highlands Opp'n*). On May 11, 2011, the Plaintiffs replied. *Reply in Support of Pls.' Mot. for Voluntary Dismissal* (Docket # 44).

## II. DISCUSSION

The Court agrees with the Plaintiffs that their motion to dismiss without prejudice is routine and should be granted. Rule 41(a)(2) states:

> (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2). Whether to dismiss an action without prejudice under Rule 41(a)(2) remains in the discretion of the Court. *JRA Architects & Project Managers, P.S.C. v. First Fin. Grp., Inc.*, 375 F. App'x 42, 43 (1st Cir. 2010); *Doe v. Urohealth*

---

[1] Highlands revealed its status as corporate successor to Irving Oil Corporation in its Motion to Dismiss or, in the Alternative, to Stay Pursuant to Federal Abstention. *Mot. of Def. Highlands Fuel Delivery, LLC (Formerly Known as Irving Oil Corporation) to Dismiss or in the Alternative to Stay Pursuant to Fed. Abstention* at 1 n.1. (Docket # 23).

2

*Sys. Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *Canadian Nat'l Ry. Co. v. Montreal, Me. & Atl. Ry., Inc.*, No. 1:10-cv-452-JAW, 2011 U.S. Dist. LEXIS 70425, *8 (D. Me. Jun. 30, 2011). The First Circuit stated that "the basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action so long as no other party will be prejudiced." *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 601, 604 (1st Cir. 1981) (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)).

In deciding whether to allow a voluntary dismissal, courts generally consider a number of factors: 1) the defendant's effort and expense of preparation for trial; 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficient explanation for the need to take a dismissal; 4) the fact that a motion is made at a critical juncture in the ongoing processing of the case; and, 5) whether a dispositive motion has been filed. *Doe*, 216 F.3d at 160; *ZF Lemforder Corp.*, No. CV-09-83-B-W, 2009 U.S. Dist. LEXIS 53909, *3 (D. Me. Jun. 24, 2009). As a general rule, a request for dismissal without prejudice should be granted "if no prejudicial effects would result for the opposing party." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2008). "Accordingly, in ruling on a motion for voluntary dismissal, 'the district court is responsible . . . for exercising its discretion to ensure that such prejudice will not occur.'" *JRA Architects*, 375 F. App'x. at 43 (quoting *Doe*, 216 F.3d at 160). Finally, the First Circuit has clarified that the district courts "need not analyze each factor or limit their consideration to these factors." *Doe*, 216 F.3d at 160.

Applying these factors here, this case contains complex and layered issues of insurance coverage involving multiple potential insurers and it remains at its formative stages. The Complaint was filed in March, 2011 and, although there are motions to dismiss pending, there is also a motion to stay the action while a state of New Hampshire civil action is resolved. The Court will not speculate as to whether the case would be resolved at this level by the pending motions, or would be stayed, or would require discovery, further dispositive motions, and trial. Further, there is always the potential for appeal in intricate areas of insurance coverage. Thus, although a dispositive motion has been filed, the Court concludes that the Plaintiffs have not made the motion at a critical juncture, and the Defendants have not yet expended resources in the defense of this case to justify denial of the Plaintiffs' motion. There is no suggestion that the Plaintiffs either delayed in initiating this action or unduly delayed in bringing the motion to dismiss. Nor have they given an inadequate justification for the motion to dismiss.

Finally, although the Defendants have objected to the dismissal, their primary objection is that voluntary dismissal "would simply encourage [the Plaintiffs] to pursue another vexatious lawsuit down the street in Maine state court (which they recently filed even while this action remains pending), resulting in additional waste of judicial and private resources and legal prejudice to Highlands." *Highlands Opp'n* at 2. The brief answer to the Defendants' objection is that if the Plaintiffs' pursuit of a separate state action in Maine is as vexatious as the Defendants claim, the proper place to remedy the initiation of the state court

proceeding is the state court. On its face, there is nothing improper about the Plaintiffs' request for dismissal. The Plaintiffs' rationale for dismissal is consistent with case law and the civil rules. *Mack Bros. v. Me. State Hous. Auth.*, No. 10-cv-87-P-S, 2010 U.S. Dist. LEXIS 111966, *31-41 (D. Me. Oct. 19, 2010), *aff'd* 2010 U.S. Dist. LEXIS 126051 (D. Me. Nov. 29, 2010); FED. R. CIV. P. 19(b).

### III.　CONCLUSION

The Court DISMISSES without prejudice the Plaintiffs' Complaint.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of September, 2011.